**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH STINSON,

      Petitioner,                     Civil No. 2:13-CV-11243
                                       HONORABLE GERALD E. ROSEN
v.                                  CHIEF UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent,

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS, HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, AND ADMINISTRATIVELY CLOSING THE CASE.**

      Keith Stinson, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel Christopher J. McGrath, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316. Petitioner has also filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he is attempting to exhaust the claim that he wishes to raise in his current habeas application. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state court or courts, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. Background**

      Petitioner was convicted of the above offense following a jury trial in the Genesee

County Circuit Court.  Petitioner's conviction was affirmed on direct appeal. *People v. Stinson,* No. 241146 (Mich.Ct.App. October 23, 2003); *lv. den.* 470 Mich. 859; 679 N.W. 2d 700 (2004).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied by the trial court. *People v. Stinson,* No. 99-005194-FC (Genesee County Circuit Court, October 27, 2004).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Stinson,* No. 265204 (Mich.Ct.App. April 11, 2006); *lv. den.* 477 Mich. 910, 722 N.W.2d 818 (2006).

On or about August 2, 2007, petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the seven grounds which had been raised on his direct appeal or in his initial post-conviction motion for relief from judgment.  Petitioner subsequently filed a motion to hold the habeas petition in abeyance so that he could return to the Genesee County Circuit Court to present a new claim in a second post-conviction motion for relief from judgment involving the alleged recantation by a prosecution witness. This Court granted petitioner's motion to hold the petition in abeyance to permit him to return to the state courts to exhaust this claim.  The Court also administratively closed the case. *Stinson v. McKee*, U.S.D.C. 2:07-CV-13496; 2007 WL 3408555 (E.D. Mich. November 14, 2007).

Petitioner filed a second motion for relief from judgment, which the trial court denied. *People v. Stinson,* No. 99-005194-FC (Genesee County Circuit Court, December 11, 2009).

On March 20, 2013, petitioner filed the instant petition for writ of habeas corpus, in which he seeks habeas relief on the following ground:

Petitioner was denied the effective assistance of counsel in connection with his consideration of the state's plea offer prior to his first trial.

Petitioner has now filed a motion to stay proceedings. Petitioner indicates that he filed a third motion for relief from judgment with the Genesee County Circuit Court on March 19, 2013, in order to exhaust this claim. The motion for relief from judgment remains pending before that court. Petitioner contends that his current claim is based upon the Supreme Court decisions of *Missouri v. Frye,* 132 S. Ct. 1399 (2012) and *Lafler v. Cooper,* 132 S. Ct. 1376 (2012), where the Supreme Court held that a defense attorney has a duty to communicate all plea bargains to a defendant and properly advise the defendant about whether or not he should plead guilty. Petitioner argues that these two cases should be applied retroactively to his case and afford him an opportunity for habeas relief.

## II. Discussion

The instant petition is subject to dismissal, because petitioner, by his own admission, has yet to exhaust his claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir.

2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

In the present case, petitioner's claim does not appear to be "plainly meritless." Moreover, it appears as though petitioner is arguing that his ineffective assistance of counsel claim involving his attorney's failure to properly advise him to accept the prosecutor's plea bargain offer was not ripe until the Supreme Court handed down their decisions in the *Frye and Lafler* cases.  The mere fact that petitioner's sole claim is unexhausted does not prevent this Court from holding his petition in abeyance because "the Supreme Court has indicated that a petitioner may file a "protective" petition meriting a stay under Pace (sic) even where only unexhausted claims are at issue." *Heleva v.*

4

*Brooks,* 581 F. 3d 187, 192 (3rd Cir. 2009).

The Court is aware that petitioner has already filed two post-conviction motions in the Michigan courts. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the earlier motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418. Petitioner contends that his ineffective assistance of counsel claim is based on a retroactive change in the law by the Supreme Court. Neither the United States Supreme Court nor the Michigan Supreme Court have yet to indicate whether *Frye* or *Lafler* are new rules of constitutional law that should be applied retroactively to cases on collateral review. Because there is some likelihood that the Michigan courts might permit petitioner to file a third post-conviction motion for relief from judgment pursuant to the exception contained in M.C.R. 6.502(G)(2) for a claim based on a retroactive change in the law, a procedural bar to petitioner filing such a third motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. *See Banks,* 149 Fed. Appx. at 419-20.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state

court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6ᵗʰ Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F. 3d 717, 718 (6ᵗʰ Cir. 2002).

### III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


Dated:  April 24, 2013                    S/Gerald E. Rosen
                                          Chief Judge, United States District Court

6

**13-11243 Stinson v. Woods**
**Opinion and Order Granting Petitioner's Stay, etc.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 24, 2013, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135

7