**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH STINSON,

       Petitioner,                     Civil No. 2:13-CV-11243
                                     HONORABLE GERALD E. ROSEN
v.                                  CHIEF UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

       Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Keith Stinson, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel, Christopher J. McGrath, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316. Respondent filed a motion for summary judgment, contending that petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a reply to the motion for summary judgment. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

### I. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on direct appeal. *People v. Stinson,* No. 241146 (Mich.Ct.App. October 23, 2003); *lv. den.* 470 Mich. 859; 679 N.W. 2d 700 (2004).

On October 5, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied by the trial court. *People v. Stinson,*

No. 99-005194-FC (Genesee County Circuit Court, October 27, 2004).  The Michigan

appellate courts denied petitioner leave to appeal. *People v. Stinson,* No. 265204

(Mich.Ct.App. April 11, 2006); *lv. den.* 477 Mich. 910, 722 N.W.2d 818 (2006).

On August 2, 2007, petitioner filed a *pro se* petition for a writ of habeas corpus, in

which he sought habeas relief on the seven grounds which had been raised on his direct

appeal or in his initial post-conviction motion for relief from judgment.[1]  Petitioner

subsequently filed a motion to hold the habeas petition in abeyance so that he could return

to the Genesee County Circuit Court to present a new claim in a second post-conviction

motion for relief from judgment involving the alleged recantation by a prosecution witness.

This Court granted petitioner's motion to hold the petition in abeyance to permit him to

return to the state courts to exhaust this claim.  The stay was conditioned on petitioner

presenting his unexhausted claims to the state courts within 90 days of the filing date of

this order and petitioner returning to this Court with an amended petition, using the same

caption and case number, within 30 days of exhausting state remedies.  The Court also

administratively closed the case. *Stinson v. McKee*, U.S.D.C. 2:07-CV-13496; 2007 WL

3408555 (E.D. Mich. November 14, 2007).

On February 13, 2008, petitioner filed a second motion for relief from judgment,

which the trial court denied. *People v. Stinson,* No. 99-005194-FC (Genesee County Circuit

Court, December 11, 2009).  Petitioner did not appeal the denial of this motion to the

Michigan appellate courts.

---

[1]   Under the prison mailbox rule, this Court assume that petitioner actually filed his first habeas
petition on August 2, 2007, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469
(6th Cir. 1999).

Petitioner filed a third motion for relief from judgment with the Genesee County Circuit Court on March 19, 2013.  While that motion was pending, petitioner filed the current petition for writ of habeas corpus with this Court on March 20, 2013.  Petitioner sought habeas relief on the following ground:

Petitioner was denied the effective assistance of counsel in connection with his consideration of the state's plea offer prior to his first trial.

This Court held the habeas petition in abeyance pending the completion of state post-conviction proceedings.  The Court also administratively closed the case. *Stinson v. Woods,* No. 2:13-cv-11243, 2013 WL 1759133 (E.D. Mich. April 24, 2013).

The trial court denied petitioner's motion for relief from judgment pursuant to M.C.R. 6.502(G). *People v. Stinson,* No. 99-005194-FC (Genesee County Circuit Court, November 10, 2014).

On December 8, 2014, this Court reopened the case to the Court's active docket and amended the caption.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(*quoting* Fed. R. Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

3

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.   The one year statute of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009)*.*  A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Brown v, McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on April 30, 2004.  Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment therefore became final on July 29, 2004,

4

when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*

*v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).  Absent tolling, petitioner had until

July 29, 2005 to file his petition for writ of habeas corpus with this Court.

Petitioner filed his first-conviction motion for relief from judgment with the state trial

court on October 5, 2004, after sixty-eight days had elapsed on the one year statute of

limitations.  28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly

filed application for state post-conviction relief or other collateral review is pending shall not

be counted towards the period of limitations contained in the statute. *See McClendon v.*

*Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003).  A post-conviction application remains

pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final

resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214,

220 (2002).  The tolling of the AEDPA's one year statute of limitations ended in this case

when the Michigan Supreme Court denied petitioner's application for leave to appeal the

denial of his motion for relief from judgment on October 31, 2006. *See Hudson v. Jones*,

35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999).  As 68 days had elapsed before the post-

conviction motion was filed, Petitioner had 297 days remaining from the date of the

Supreme Court's denial of leave, which would have been no later than August 24, 2007,

to timely file his habeas petition with this Court.

Petitioner originally filed a petition for writ of habeas corpus with this Court on

August 2, 2007, after a total of 343 days had elapsed on the one-year statute of limitations.

Although a petition for federal habeas review is not "an application for state post-conviction

or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year

statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit indicated that in cases in which a stay and abeyance procedure was not employed, a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

Petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court, so as to render his current habeas petition timely filed.  Unlike the petitioners in *Griffin* and in *Palmer,* this Court granted petitioner a stay of the petition and held the proceedings in abeyance to permit him to return to the state courts to exhaust his claims.  This Court expressly conditioned the stay of the petition upon petitioner filing his second state post-conviction motion for relief from judgment with the state courts within ninety days of the Court's order and re-filing his habeas petition with this Court within thirty days of the conclusion of the state court post-conviction proceedings. The Court also conditioned the stay upon petitioner re-filing an amended petition under the

same case number and using the same case caption.

Although petitioner filed his second post-conviction motion on February 13, 2008, which was within ninety days of the order staying the petition, petitioner did not move to lift the stay or re-file his habeas petition in Case # 2:07-CV-13496 with this Court within thirty days of the state trial judge denying his second post-conviction motion on December 4, 2009. Under the terms of the Court's order staying the 2007 habeas petition, petitioner had thirty days, which in this case was no later than January 3, 2010, to re-file an amended habeas petition under the same case number and the same caption with this Court, in order to comply with the terms and conditions of the stay of the 2007 petition. Petitioner did not file a motion to lift the stay in Case # 2:07-CV-13496 by January 3, 2010. Instead, he filed the current habeas petition under a new case number more than three years later, on March 20, 2013. Petitioner did not re-file an amended habeas petition in Case # 2:07-CV-13496 until July 6, 2015. See *Stinson v. McKee*, U.S.D.C. 2:07-CV-13496 [Dkt. # 12]. The Court denied this motion without prejudice to petitioner attempting to amend the petition in this case [*Id.,* Dkt. # 14], which he has yet to do.

Petitioner waited more than five years to file his motion to lift the stay order in his 2007 habeas case. Petitioner did not comply with this Court's express order to move to lift the stay and re-file his habeas petition under the same case number and using the same caption within thirty days of the completion of his second state post-conviction motion for relief from judgment. If a condition of an order staying a habeas petition is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered and the petition may be dismissed. *Palmer v. Carlton*, 276 F. 3d at 781 (quoting *Zarvela v. Artuz*, 254 F. 3d 374, 381 (2nd Cir. 2001)). Because petitioner did not re-file his 2007 habeas

7

petition within thirty days of the conclusion of state post-conviction review in this case, he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court and thus, both his 2007 habeas petition and his 2013 habeas petition are untimely. *Id.* at 781-82; *See also McMurray v. Scutt,* 136 Fed. Appx. 815 (6th Cir. 2005); *Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003). The one year limitations period thus continued running and expired on August 24, 2007.

Petitioner filed his second post-conviction motion for relief from judgment on February 13, 2008, *after the one year limitations period had already expired*. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002)*.* Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004). Petitioner's third motion for relief from judgment filed on March 19, 2013 likewise did not revive the limitations period.

The Court is aware that petitioner has cited to the recent Supreme Court cases of *Missouri v. Frye,* 132 S. Ct. 1399 (2012) and *Lafler v. Cooper,* 132 S. Ct. 1376 (2012) in support of his claim that his trial counsel was ineffective for failing to give him correct advice about a plea bargain offer that was allegedly made by the prosecutor.

28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir. 2004).

The Supreme Court cases of *Frye* and *Lafler* are not new rules of constitutional law that would delay the commencement of the one year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C).   Every circuit court that has considered the issue -- including the Sixth Circuit -- has ruled that "neither *Frye* nor *Cooper* created a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court." *In re Liddell*, 722 F. 3d 737, 738 (6th Cir. 2013)(holding that *Frye* and *Cooper* did not announce a new rule of constitutional law that would permit defendant to file a successive motion to vacate sentence).   The Supreme Court in *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Hare v. U.S.*, 688 F. 3d 878, 879 (7th Cir. 2012).   Thus, the cases of *Missouri v. Frye* and *Lafler v. Cooper* did not announce a "newly recognized" right that has been made retroactively applicable to cases on collateral review, so as to extend the one year limitations period. *See Baker v. Ryan,* 497 Fed.Appx. 771*, 773 (9th Cir. 2012); *U.S. v. Ocampo,* 919 F. Supp. 2d 898, 915 (E.D. Mich. 2013).   The current petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id*.  Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

10

evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

For all of these reasons, Petitioner Stinson's habeas petition will be dismissed.

### III.  Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states

a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).   The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **SUMMARILY DENIED, WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 4, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 4, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135